IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>Eduard Bueno-Beltran<br><br>Defendant | **CRIM NO.** 15-189-1(RAM) |

OPINION AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Eduard Bueno-Beltran's ("Defendant" or "Bueno-Beltran") *Motion for Reduction of Sentence Pursuant to 1B U.S.C. § 3582 (c)(1)(a)(i) [sic]* ("*Motion for Compassionate Release*"). (Docket No. 185). For the reasons set forth below, the request for compassionate release is **DENIED WITH PREJUDICE**.

I.    PROCEDURAL BACKGROUND

On August 7, 2013, Defendant plead guilty to "Conspiracy to Bring Aliens to the United States," in violation of 8 U.S.C. § 1324(a)(1)(A). (Criminal Case No. 13-456, Docket No. 93-94). As a result, he was sentenced to 12 months imprisonment followed by three (3) years of supervised release. (Docket Nos. 151-152).

---

[1]  Cristina Vázquez-Ramírez, a second-year student at the Inter American University School of Law, assisted in the preparation of this Opinion and Order.

While on supervised release, n March 19, 2015, Defendant was indicted on four counts. (Criminal Case No. 15-189, Docket No. 11). Count One of the "Indictment charged him with Importation of Controlled Substance, Aiding and Abetting," in violation of 21 U.S.C. § 952 & 18 U.S.C. § 2. Id. Count Two charged him with "Conspiracy to Import Controlled Substances," in violation of 21 U.S.C. § 963 and Count Three charged him with "Possession with the Intent to Distribute A Controlled Substance On Board Vessel Subject To The Jurisdiction Of The United States; Aiding And Abetting," in violation of 46 U.S.C. §§ 70503(a)(1), 70504(b)(1), and 70506(a) and (b). Id. Lastly, Count Four charged him with "Conspiracy to Possess with The Intent to Distribute a Controlled Substance on Board Vessel Subject To The Jurisdiction Of The United States," in violation of 46 U.S.C. §§ 70503(a)(1), 70504(b)(1), and 70506(a) and (b). Id. On November 14, 2016, Defendant made a straight plea of guilty as to all four counts. (Docket No. 152). On March 8, 2017, he was sentenced to a 135-month term of imprisonment, to be followed by five (5) years of supervised release. (Docket Nos. 165-166). He is scheduled for release on November 14, 2026.[2]

On December 9, 2021, Bueno-Beltran filed a *Motion for Compassionate Release*. (Docket No. 185). He claims his family

---

[2] *See* Eduard Bueno-Beltran (Register No. 42724-069) at *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 26, 2022).

circumstances are an extraordinary and compelling reason to reduce his sentence given that the COVID-19 pandemic has been especially taxing on his family. Id. at 2-3. Defendant also states he is suffering from various medical conditions after testing positive for COVID-19 in May 2020. Id. at 3. Specifically, he claims he suffers from persistent pain over his left shoulder blade and side area, pain in his dorsal left foot area, that he is unable to stand longer than ten (10) minutes, sudden loss of half of his vision, continuous abdominal pain, bloating, and nausea after eating, and pre-diabetes. Id. at 4. He also asserts the risk of being re-infected with COVID-19 qualifies as a compelling reason justifying release. Id. at 2. Moreover, Bueno-Beltran claims he is being denied timely and proper health care because of the COVID-19 lockdowns at his facility, FCI Pollock. Id. He also argues he is no longer a danger to the safety of others, noting that nothing in his record suggests he has been violent while imprisoned, he has a home where he can self-quarantine and he will be deported if released. Id. at 3. Lastly, Defendant states he submitted a request for compassionate release to the Warden of FCI Pollock over three months ago, but has yet to receive a response. Id. at 2.

On February 12, 2022, the Government opposed the *Motion for Compassionate Release*, arguing that Defendant's medical records reveal that the repeated complaints of body pain stemming from his previous COVID-19 infection are being treated by his institution

and appear well-controlled. (Docket No. 194 at 3). The Government also posits that his medical records show that Defendant is "fully ambulatory and engages in all normal activities of daily living." Id. Moreover, the Government states Defendant is ineligible for compassionate release because he has not identified any condition recognized by the CDC as a risk factor for COVID-19, or any chronic medical ailment. Id. at 11. It also claims that Bueno-Beltran is fully vaccinated against COVID-19 with two doses of the Pfizer vaccine, which precludes him from eligibility for release. Id. at 3 and 11. Lastly, it avers release is unwarranted as Defendant remains a danger to the community and should be required to serve the sentence originally imposed by this Court. Id. at 14.

## II.  ANALYSIS

As seen below, this Court's denial of Bueno-Beltran's request is twofold. First, he fails to present extraordinary and compelling circumstances justifying release and second, he has not shown he no longer poses a danger to society.

A court cannot generally modify an imprisonment term once imposed. *See* 18 U.S.C. § 3582(c). However, it may grant compassionate release to a defendant subject to certain requirements. Id. § 3582(c)(1)(A). Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may not modify a final sentence unless a defendant has "fully exhausted all administrative rights to appeal a failure of" the BOP to bring a motion for reduction of sentence

on his behalf *or* if thirty (30) days have elapsed "from the receipt

of such a request by the warden of the defendant's facility,

whichever is earlier." Even if these conditions are met, there

**must still be** "extraordinary and compelling reasons" warranting a

reduction. Id. § 3582(c)(1)(A)(i). Per First Circuit precedent,

extraordinary and compelling reasons can consist of "(A) medical

reasons; (B) age; (C) family circumstances; and (D) '[o]ther

[r]easons[.]'" United States v. Saccocia, 10 F.4th 1, at 7 (1st

Cir. 2021) (quoting U.S.S.G § 1B1.13).

     In United States v. Ruvalcaba, the First Circuit adressed

whether District Courts were bound by the Sentencing Guidelines

Policy Statement or measures for compassionate release. The First

Circuit held that "district courts – when adjudicating prisoner-

initiated motions for compassionate release – have discretion,

unconstrained by any policy statement currently in effect, to

consider whether a prisoner's particular reasons are sufficiently

extraordinary and compelling to warrant compassionate release."

United States v. Ruvalcaba, 26 F.4th 14, 23 (1st Cir. 2022)

(citation omitted). Yet, this does not mean that a district court's

discretion   is   limitless,   since   its   discretion   "remains

circumscribed by statutory standards, which obligate the district

court  to  find  a  reason  that  is  both  'extraordinary  and

compelling.'" Id. (citing United States v. Canales-Ramos, 19 F.4th

561, 566 (1st Cir. 2021)). Thus, the Court reviews the entirety of

the record to decide if Defendant has established extraordinary
and compelling reasons for a sentence reduction. *See* United States
v. Salinas-Acevedo, 2021 WL 5919786, at *2 (D.P.R. 2021).

### A. Defendant's medical conditions and vaccination status do not justify release

Defendant states he submitted a petition for compassionate
release to the Warden of FCI Pollock, and that at the time of this
filing, he had not received a response. (Docket No. 185 at 2).
Nevertheless, Bueno-Beltran failed to present "extraordinary and
compelling" circumstances justifying release. Although the
evidence provided by the BOP substantiates Bueno-Beltran's claims
that he suffers from pain in multiple parts of his body and that
he has pre-diabetes, these do not amount to "extraordinary and
compelling reasons" meriting release.

Defendant's allegation that his medical ailments were not
present before his infection with COVID-19 is not borne by the
record before this Court. Moreover, Bueno-Beltran has offered no
evidence to support his claims that the BOP denies him timely and
proper health care. Defendant's medical records show that
Defendant has continuously received medical, including several x-
rays and treatment for stomach pain, flank pain and pre-diabetes.
(Docket No. 194-1 at 2, 6, 10, 13, 29, 31, 41, 73-75, 95-96, 124,
132, 139, 141, and 149). Furthermore, Defendant has not shown his
health conditions "substantially diminish [] the ability of the

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." United States v. Barbosa, 2022 WL 888703, at *2 (D. Mass. 2022) (quoting U.S.S.G. § 1B1.13, cmt.n.1(A)). Additionally, although the Court sympathizes with Defendant's ailments, the Centers for Disease Control and Prevention ("CDC") does not recognize stomach pain or pre-diabetes as conditions which put inmates at a greater risk of infection and severe illness from COVID-19. See United States v. Chad Bednarski, 2022 WL 80080, at *4 n.9 (W.D. Pa. 2022) (finding that pre-diabetes is not a condition associated with a high risk for severe COVID-19); United States v. Yazzie, 2022 WL 1081199, at *3 (D. Ariz. 2022) (noting that the CDC does not list people with gastrointestinal issues as more likely to get severely ill from COVID-19).

Bueno-Beltran is also fully vaccinated with the Pfizer vaccine, which further undermines the argument that his health conditions are extraordinary and compelling circumstances meriting release. "[T]he FDA has concluded through extensive testing that the Pfizer vaccine is 95% effective in preventing infection and severe disease." United States v. Alvarado-Cosme, 2021 WL 5782485, at *2 (D.P.R. 2021) (quoting United States v. Osorio, 552 F. Supp. 3d 96 at 98 (D. Mass. 2021)). Courts repeatedly deny motions for compassionate release where the defendant has received the COVID-19 vaccine. See e.g., United States v. Solans, 2021 WL 4776631, at

*2 (D. Mass. 2021); United States v. Clark, 2021 WL 277815, at *2 (S.D.W.Va. 2021) ("[A]n inmate cannot demonstrate extraordinary and compelling reasons exist due to COVID-19 when the inmate has been vaccinated against the disease.").

Finally, FCI Pollock currently has **zero (0)** confirmed COVID-19 cases among 1,544 inmates and **zero (0)** confirmed cases among the staff.[3] Thus, it appears the spread of COVID-19 therein is, for now, under control. *See* United States v. Thompson, 2021 WL 1966847, at *2 (N.D. Tex. 2021) (noting that generalized concerns about the spread of COVID-19 within FCI Pollock do not give rise to extraordinary and compelling reasons warranting release).

**B. Defendant's family circumstances also do not justify release**

Bueno-Beltran also seeks a sentence reduction based on his family circumstances. Although the Court sympathizes with the hardships the COVID-19 pandemic presents to his family, these are not extraordinary circumstances warranting compassionate release. *See* United States v. Ahmed, 2021 WL 797673, at *3 (S.D.N.Y. 2021) (noting that the impact of COVID-19 on family circumstances is not an extraordinary and compelling reason warranting release as no doubt many inmates face the same difficulties and hardships, making the impact on an inmate's family not a unique circumstance).

---

[3]    *See    Covid-19    Cases*,    Federal    Bureau    of    Prisons, https://www.bop.gov/coronavirus/index.jsp and *FCI Pollock*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/pom/ (last visited on April 26, 2022).

Crim. No. 15-189(RAM)                                                 9

---

**C. Defendant has not shown he is not a danger to society**

The Court is also not convinced that Defendant is no longer
a danger to society. Beyond stating that nothing in his record
suggests he has been violent while incarcerated, Bueno-Beltran did
not prove he is not a danger to society. (Docket No. 185 at 3).
Furthermore, he has had several disciplinary infractions while
incarcerated, including being in an unauthorized area, and
possessing a cellphone, an unauthorized item, and homemade
intoxicants. (Docket No. 194 at 2). **Defendant failed to controvert
these disciplinary infractions.** The Court also notes Defendant
pled guilty while serving a term of supervised release for a
previous crime. Thus, a sentence reduction would not properly
reflect the seriousness of his offenses, promote respect for the
law, or provide the adequate deterrence to criminal conduct
required by 18 U.S.C. § 3553. *See* United States v. Jose Pacheco-
Montemoino, 2022 WL 897124, at *4 (D.P.R. 2022) (citation omitted).

### III. CONCLUSION

For reasons set forth above, Defendant Eduard Bueno-Beltran's
*Motion for Compassionate Release* is **DENIED WITH PREJUDICE.**

In San Juan, Puerto Rico, this 26th day of April 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge