IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[1] EDUARD BUENO-BELTRAN,<br><br>**Defendant.** | CRIM. NO. 15-189-1 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Eduard Bueno-Beltran's *Motion in Support of a Modification of Criminal History Category Under Amendment 821* ("*Motion*") at Docket No. 217. Because the Court lacks jurisdiction to provide the relief that Defendant seeks, the *Motion* is **DENIED**.

I.  **PROCEDURAL BACKGROUND**

On November 14, 2016, Mr. Bueno-Beltran entered a straight plea to a four-count indictment charging him with the importation of five kilograms or more of cocaine. (Docket Nos. 11 and 152). On March 8, 2017, the Honorable Gustavo A. Gelpí[1] imposed a sentence of 135 months' imprisonment, to be served consecutively with another sentence. (Docket Nos. 165 and 166). The Court adopted the Presentence Investigation Report ("PSR"), which had assessed a

---

[1] The case was transferred to the undersigned on December 15, 2021 (Docket No. 186).

Criminal No. 15-189-1 (RAM)                                              2

total offense level of 35 and a criminal history category ("CHC") of III. (Docket Nos. 166-1 at 1 and 157 ¶¶ 25, 30). In total, Defendant had a criminal history score of four, in part because he committed the instant offense while on supervised release. (Docket No. 157 ¶ 31); *see also* U.S.S.G. § 4A1.1(d).

On November 28, 2023, Mr. Bueno-Beltran moved *pro se* to modify or reduce his sentence pursuant to Amendment 821, which retroactively amended the federal sentencing guidelines. (Docket No. 201). As relevant here, Amendment 821 changed the method for imposing so-called "status points" when calculating CHC scores. *See* United States v. Dunston, 2024 WL 709363, at *1 (D. Me. 2024) (describing changes effectuated by the amendment). In keeping with the Administrative Directive Regarding Amendment 821 (the "Directive") for this District, *see* 23-mc-565 (Docket No. 1), the Court appointed the Federal Public Defender to represent the Defendant and referred his motion to Magistrate Judge Bruce J. McGiverin. (Docket No. 202). The Magistrate Judge issued a *Report and Recommendation* ("*R&R*") noting that pursuant to Amendment 821, Mr. Bueno-Beltran would not have received two status points and his CHC would accordingly be II, not III. (Docket No. 203 at 3).[2]

---

[2] The parties, the U.S. Probation Office, and this Court all agree that if sentenced today, Defendant's CHC would be II. *See, e.g.*, (Docket No. 219) (detailing Probation Officer's analysis).

However, because Defendant was originally sentenced to a term far below his amended guidelines range of 188 to 235 months of imprisonment, he would not be eligible for a sentence reduction. Id.; *see also* U.S.S.G. § 1B1.10(b)(2)(A). Neither party objected, and the Court adopted the Magistrate Judge's recommendation on February 8, 2024. (Docket Nos. 204 and 205). Mr. Bueno-Beltran then submitted several *pro se* motions requesting an opportunity to respond, filing his own objections, and petitioning for reconsideration. (Docket Nos. 206, 212, and 213, respectively). The Court granted the last motion in part, ordering the Federal Public Defender to confer with Defendant as to why no objections were filed. (Docket No. 214).

On May 14, 2024,[3] Defendant filed the instant *Motion* through counsel. (Docket No. 217). Although he concedes he is not eligible for a sentencing reduction pursuant to Amendment 821, he nonetheless requests that the Court modify his CHC from III to II because the decrease in this categorization impacts how the Federal Bureau of Prisons ("BOP") calculates his security custody level, risk score, and his eligibility to apply earned time credits. Id. at 1. In support of his argument, Mr. Bueno-Beltran referenced

---

[3] Objections to a magistrate judge's initial assessment of ineligibility for Amendment 821 relief are due within fourteen days. *See* (Directive at 10). However, the instant *Motion* requests a different kind of relief, and the Court does not construe it as an objection to the *R&R*. As such, it is not untimely.

several district courts that have reduced defendants' criminal history points (and, therefore, their CHCs) even where the defendants were not eligible for a sentence reduction. Id. at 3-4.

The Court ordered further briefing as to the authority that would justify a CHC modification in the absence of eligibility for a sentence reduction. (Docket No. 221). Accordingly, Defendant filed an unopposed *Motion in Compliance* that cited 18 U.S.C. § 3582(c)(2) and attached several district court orders permitting modification of a defendant's CHC. (Docket No. 222).

## II. DISCUSSION

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Outside the bounds of those exceptions, "a district court has no jurisdiction to vacate, alter, or revise a sentence previously imposed." United States v. Mercado-Flores, 872 F.3d 25, 28 (1st Cir. 2017). One of the listed exceptions, relevant here, permits resentencing as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court **may reduce the term of imprisonment**,

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis added).

Defendant claims that section 3582(c)(2) permits a district court to amend the number of his criminal history points. However, there is no support for this argument in the text of the statute. As the First Circuit has remarked, "Congress spoke with unmistakable clarity" in enacting section 3582(c)(2), which has been couched "in plain and unambiguous language." *See* United States v. Caraballo, 552 F.3d 6, 9, 10 (1st Cir. 2008) (holding that a threshold requirement of the statute is that the object sentence must be based on a sentencing range lowered by an amendment). Here, the plain text of section 3582(c)(2) only permits a district court to reduce a defendant's term of imprisonment if the defendant is eligible. The statute makes no mention of a court's authority to do anything else, including adjusting a defendant's CHC. Without any grant of authority in positive law, this Court has no jurisdiction to modify a sentence in the manner that Mr. Bueno-Beltran seeks. *See* Mercado-Flores, 872 F.3d at 28-29 (requiring

the district court to identify the source of its perceived authority to vacate a defendant's sentence).[4]

In this case, Defendant concedes that he is ineligible for a sentence reduction. Accordingly, the Court is without jurisdiction to modify his CHC. *See* United States v. DeJournett, 2024 WL 1580102, at *3 (N.D. Ohio 2024) (declining to alter defendant's criminal history score based on lack of authority to do so); United States v. Williams, 2024 WL 911591, at *3 (D. Me. 2024), *R&R adopted*, 2024 WL 1435090 (D. Me. 2024) (same).

The Court acknowledges that, as indicated by Mr. Bueno-Beltran in his *Motion*, several other judges have nonetheless ordered changes be made to the CHCs of defendants who were ineligible for a sentence reduction. *See, e.g.*, United States v. Freeman, 2023 WL 9661326, at *1 (W.D. Okla. 2023) (declining to amend PSR); United States v. Hernandez, 2023 WL 7238491, at *2 (S.D.W. Va. 2023) (amending PSR and Statement of Reasons). Additionally, the District Court for the District of Nevada has issued a general order noting that the court would "entertain requests" for CHC reductions because "criminal history points may have administrative consequences" for defendants in the custody of

---

[4] Furthermore, the Supreme Court has made clear that the "binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion." Freeman v. United States, 564 U.S. 522, 531 (2011). The pertinent policy statement here also does not contemplate any relief aside from a reduction of a term of imprisonment. *See* U.S.S.G. § 1B1.10.

the BOP.[5] However, none of these orders cite to the source of their authority. Because "a court—even one prompted by the best of intentions—is powerless to act in the absence of jurisdiction," Mercado-Flores, 872 F.3d at 31, this Court declines to follow the example of the cases cited by Defendant.

Moreover, the *Motion* is not properly before the Court because the BOP, rather than the judiciary, is responsible for implementing a risks and needs assessment system, managing time credits, and making security classifications. *See* 18 U.S.C. §§ 3621(b), 3621(h), 3624(b), 3632, and 4081; United States v. Wilson, 503 U.S. 329, 335-36 (1992) (holding that Attorney General, through the BOP, is responsible for calculating time credits); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that "Congress has given federal prison officials full discretion to control" prisoner classification and eligibility for rehabilitative programs). Moreover, judicial review of these administrative decisions by BOP is cabined. *See* 18 U.S.C. § 3625.

Defendants who seek to challenge their criminal history categorization as it affects assessments and classifications made by the BOP should first exhaust available administrative remedies.

---

[5] *In Re*: Recalculation of Criminal History Points, General Order 2024-01, United States District Court for the District of Nevada (Jul. 1, 2024), https://www.nvd.uscourts.gov/wp-content/uploads/2024/07/GO-2024-01-Recalculation-of-Criminal-History-Points.pdf.

Should that fail, a prisoner's next step is to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He should file his petition in the district court for the district where he is in custody. *See* id. § 2241(d). Moreover, "he should name his warden as respondent." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004).

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the Defendant Eduard Bueno-Beltran's *Motion in Support of a Modification of Criminal History Category Under Amendment 821* at Docket No. 217 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of August 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE